FILED
MAR 08 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Raoul Lafond,                               )
                                            )
    Petitioner,                             )
                                            )
        v.                                  )   Case: 1:16-cv-00464
                                            )   Assigned To : Unassigned
United States Department of Justice,        )   Assign. Date : 3/8/2016
                                            )   Description: Pro Se Gen. Civil (F Deck)
    Respondent.                             )
_____)

MEMORANDUM OPINION

This matter is before the Court on review of petitioner's *pro se* "Petition for Writ of Mandamus under 28 U.S.C. § 1361." The accompanying application to proceed *in forma pauperis* will be granted and the case will be dismissed for want of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Petitioner is a prisoner at the Federal Correctional Institution in Loretto, Pennsylvania. He seeks to compel the United States Attorney General to present his claim of an alleged criminal conspiracy to a grand jury pursuant to 18 U.S.C. § 3332(a).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. §1361. Plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

The United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. *See Hawkins v. Lynch*, 626 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam), quoting *United States v. Nixon*, 418 US. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]"). As a general rule applicable to the circumstances of this case, such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review.") (citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995)) (other citation omitted). Moreover, plaintiff "lacks standing to force presentation of his alleged evidence to a grand jury under 18 U.S.C. § 3332(a)," *Hawkins*, 626 Fed. App'x at 2, and "[t]he defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: March 3rd, 2016

United States District Judge